UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILLIP PLATA, )
 )
          Petitioner, ) Case No. C08-1441-JLR-BAT
 )
v. )
 ) REPORT AND
THERESA TALPALACIDO, et. al., ) RECOMMENDATION
 )
          Respondent. )
 )

Petitioner Phillip Plata has submitted a proposed Petition for Writ of Mandamus under 28 U.S.C. § 1361, requesting that the Court direct the Federal Bureau of Prisons ("BOP") and two of its employees, Theresa Talpalacido and Harlan Penn, to perform their duties regarding a Federal Tort Claim. Dkt. 1. He seeks leave to proceed *in forma pauperis* in this matter. *Id*. Petitioner, a federal prisoner at the United States Penitentiary in Lompoc, California, alleges that on April 6, 2008, he mailed to Mr. Penn a Federal Tort Claim regarding "loss of Plaintiff's property" and that Mr. Penn directed petitioner to address all "future correspondence" to Theresa Talpalacido. Proposed Pet. at 2. Petitioner further alleges that on July 3, 2008, he sent correspondence regarding the Tort Claim to Ms. Talpalacido but has received no response. *Id*. He requests "that a Writ of Mandamus issue making Respondents conform with their ministerial duties regarding Petitioner's Tort Claim filing." *Id*. at 3.

Mandamus is an extraordinary remedy. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.

REPORT AND RECOMMENDATION – 1

1994). A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is "clear and certain"; (2) the defendant official's duty to act is ministerial, and "so plainly prescribed as to be free from doubt"; and (3) no other adequate remedy is available. *Id*. (citing *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

In this case, petitioner has not presented a claim that is sufficiently clear and certain. Petitioner's mandamus request is based on a Federal Tort Claim he has initiated against the BOP and its employees for loss of property. The Supreme Court has recently held that BOP officers who lose an inmate's property are immune from Federal Tort Claims for mishandling the property. *Ali v. Fed. Bureau of Prisons*, 128 S.Ct. 831 (2008); *see also Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 807-08 (9th Cir. 2003) (inmate may not sue BOP officers, or the United States, under the Federal Tort Claims Act for damaging inmate's eyeglasses).

Even assuming petitioner has presented a clear and certain claim, he has not shown that no other adequate remedy exists. Petitioner has initiated a Federal Tort Claim which could be followed by a civil action in federal court. Before initiating a civil action for loss of property, a claimant must exhaust his remedies by presenting the claim to the appropriate federal agency and the agency must deny the claim. 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id*. Here, petitioner avers that he "mailed a Tort Claim" to the BOP on April 6, 2008 and that the BOP has not responded. Dkt. 1 at 2. Assuming petitioner properly presented his Tort claim on April 6, 2008, the six month period expired on October 5, 2008, and he may therefore initiate a civil action for loss of property. Because this provides petitioner an adequate remedy, a writ of mandamus should not be issued.

REPORT AND RECOMMENDATION – 2

1       For the reasons set forth above, the Court recommends that petitioner's Petition for Writ of Mandamus be DENIED and DISMISSED with prejudice. In addition, petitioner's Application for Leave to Proceed *in forma pauperis* should be DENIED as moot. A proposed order accompanies this Report and Recommendation.

DATED this 7th day of October, 2008.

/s/ BAT
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION – 3